Dane *v.* Gilmore.

NATHAN DANE, *State Treasurer, versus* CHARLES D. GIL-
MORE & *als.*

Before an action can be sustained upon the official bond of a sheriff, the plain-
tiff in interest must show that the act complained of was an official act, and
that he has ascertained the amount of his damages in a suit against the
sheriff.

He may ascertain the amount of his damages, when his claim is for a wrong-
ful attachment of his property, as well in an action of *trover*, as in an action
of *trespass*.

In such action it is not necessary for him to allege in his declaration, that the
sheriff took the property *in his official capacity*, in order to lay a foundation
for a suit on the bond.

In a suit on the bond, he may show that the sheriff took the property in his
official capacity by evidence *aliunde* the record of the former suit.

ON EXCEPTIONS.

DEBT on the official bond of the defendant as sheriff of
Penobscot county for the year 1857.

The case was referred to the presiding Judge, with the
right to except to any of his rulings in matters of law.

The plea was *non est factum* with a brief statement that
the principal had performed all the conditions of the bond.

The plaintiff's specifications were, that Gilmore, in his ca-
pacity of sheriff, March 23, 1858, attached on sundry writs
his property as the property of other parties, and that he
afterwards commenced an action against said Gilmore, for
taking his property, and had recovered judgment against
him, upon which an execution had issued, and had been re-
turned in no part satisfied.

The plaintiff introduced the bond in the usual form, duly
executed and approved; also, against the defendants' objec-
tions, six writs against Benj. S. Arey & al., with Gilmore's
return thereon, of an attachment of a lot of merchandise;
also a writ, himself against Gilmore, (being trover for the
same goods as those described in the returns on the writs
against Arey & al.,) the record of the judgment against
Gilmore in the same case, the execution and the return of

*nulla bona* thereon, all against the objections of the defendants.

The plaintiff called John A. Peters and Thomas H. Garnsey, who identified the goods attached on the writs against Arey & al. as the same goods for which the action of trover was brought.

The defendant seasonably objected to the testimony of these witnesses.

On this evidence, the presiding Judge found, as matter of fact, that Gilmore attached in his official capacity as sheriff, on the writs against Arey & al., the same goods for which the plaintiff in interest recovered judgment against Gilmore in the action of trover.

He ruled, as matter of law, that the evidence was admissible, and, upon it, the plaintiff in interest was entitled to judgment for the amount of his judgment against Gilmore, with interest thereon, till the final judgment in this suit, and the defendant excepted.

*A. L. Simpson,* for defendant.

1. The judgment in the suit against Gilmore is not a sufficient compliance with c. 80, § 12, of the Revised Statutes, because he was not sued as sheriff, nor for any act done by him in his official capacity, or under color of his office, or the act of any of his deputies.

A judgment against the sheriff, in his private capacity, is no foundation for a suit on his official bond. *Campbell* v. *Phelps,* 17 Mass., 244; *Bailey* v. *Butterfield,* 14 Maine, 112.

The *dictum* to the contrary, in *Lowell* v. *Parker,* 10 Met., 309, is not sustained by the authorities.

2. The only action against a sheriff which will lay a foundation for an action on his official bond is trespass, or a special action on the case, setting out the neglect or misdoings complained of. Trover is not a proper form of action.

At common law, *trespass* was the only action sustainable against a sheriff for attaching plaintiff's goods as the pro-

perty of another. *Darlin* v. *Stone*, 4 Cush., 359. This rule has not been changed by our statute which abolishes the distinction between trespass and trespass on the case; it does not abolish the distinction between *trespass* and *trover*.

3. In any event, the testimony of Peters and Garnsey was not admissible.

The acts of Gilmore must be shown *by the record*.

*J. A. Peters*, for plaintiff.

The opinion of the Court was drawn up by

Kent, J.—The plaintiff in interest claims to recover, in this suit, on the official bond of Gilmore, as sheriff, damages which he alleges he has sustained by reason of a wrongful act of that officer, in his official capacity. The act complained of is the taking and converting of sundry goods and chattels, the property of the plaintiff. The case, as stated by the plaintiff, is shortly this:—That he was the true owner of the goods; that the defendant Gilmore, as sheriff, took those goods out of his possession; that he commenced an action of trover against him therefor; that, in that action, he recovered judgment on default against Gilmore, for the value of the goods, which has not been satisfied, and he brings this action on his official bond to obtain judgment against the principal and his sureties, according to the statute.

Before such recovery can be had, the plaintiff must establish that the act complained of was an official act, and that he has ascertained the amount of his damages by a suit against the sheriff. The defendants deny that this has been done according to the requirements of the statute.

When any person unlawfully intermeddles with the property of another, and converts it to his own use, the owner may ordinarily maintain either trespass or trover against the wrongdoer. If the wrongdoer is a public officer and does the act by virtue or under color of office, that fact is not one that the plaintiff is bound to know, or to set out in his writ and declaration. He is not bound to recognize or put in

issue, by his declaration, the question whether the person who takes and carries away his goods did the act officially or as an individual. It would be an anomaly in pleading to require the plaintiff to set out, in a special count, the allegations which would put in issue matters not properly issuable in the suit. The plaintiff does not complain that he acted officially, but that he took away his goods. He is not bound to know any other fact. He cannot be required to set out, that on a certain day, the defendant, being an officer, and having certain writs against A. B. or C. D., by virtue thereof took the plaintiff's goods. It is enough for him to declare generally, in trespass or trover, that the defendant named did take his goods unlawfully. The only necessity, that requires the defendant to be described as a sheriff at all in the writ, is that it may be legally served by a coroner. But this is required in all cases where the sheriff is a party, whether as an individual citizen or as an officer.

When the defendant appears, he may defend on any legal ground. He may deny the taking, or he may justify it on the ground of his own individual right to the property, or his authority as an agent of the true owner. He may not, unless he sees fit, invoke his official character at all, or he may do so and plead, that, as an officer, having legal precepts against the plaintiff himself, or any third party, he took the goods. In the latter case, the question to be tried would be the title of such third party, as against the plaintiff's title.

It is clear that, as between the plaintiff and the sheriff, an action of trespass or trover is the proper remedy. It is not in itself, and in its inception, an action against the sheriff for official misconduct. It is an action against the person, who is a sheriff, for an act which he may or may not attempt to justify by invoking his official character. If he does so, and the pleadings show that the act was an official one, the record would probably be sufficient evidence in a suit on the bond.

But, in this case, the record only shows that, in the ac-

tion of trover, the defendant Gilmore was defaulted. He did not invoke his official character, or attempt to justify as an officer. He is described in the command to attach his goods, as "sheriff of the county of Penobscot;" but this, as before stated, is simply a description of the person, to give authority to the coroner, to whom the writ is addressed.

The presiding Judge, to whom the whole case was referred, with a right to except in matters of law, found, as a fact proved, that the goods sued for, in the action of trover against the sheriff, were attached, taken and sold by him as sheriff, as set forth in his returns on the six writs. But, to establish that fact, he admitted in evidence, against the objection of defendants, six writs against Benjamin S. Arey & als., in favor of sundry creditors, and the returns by the defendant Gilmore thereon. Also the writ and judgment and execution thereon in the action of trover against the sheriff, in favor of the plaintiff in interest in this case. Also, the parol testimony of two witnesses who identified the goods specified in the writ of trover, as the identical goods attached and taken by the sheriff on the six writs.

The defendants base their objection to the introduction of this testimony on the ground, mainly, that it is not competent to establish the fact of the identity of the goods in this manner, nor to show that the sheriff acted officially, or under color of office. It is urged that, if we admit that an action of trespass or trover could be sustained against the sheriff, without any special allegation in the writ of official action, yet, that such a suit and judgment by default thereon, is not sufficient to charge the sureties on his official bond. It is insisted that such a suit is not an ascertainment of damages within the statute, c. 80, § 12, which requires, that any person, before commencing a suit on the sheriff's bond, shall first ascertain "the amount of his damages by judgment in a suit against" the sheriff, "or by a decree of the Probate Court allowing his claim."

The defendants, who are sureties, now argue, that no judgment which does not in itself, or on its face, show that the

act complained of was an official act, or done under color of office, can be sufficient within the statute.

The statute in its terms does not require that the suit in which the damages are ascertained shall be in any particular form of action, nor does it require that the official character shall be set forth. The manifest intention of the Legislature was to prevent sureties from being troubled by suits before the liability of the officer, and the amount, had been settled by a proper suit. The amount of the damages seems to be the only matter absolutely fixed by such a judgment. But it is well settled law that where one person is surety for the faithful performance of duty by another, a judgment recovered against that other for a failure, if without fraud or collusion, is *prima facie* evidence in a suit against the surety. *Lowell* v. *Parker*, 10 Met., 309.

. Where such a judgment has been recovered, the sureties, in a suit against them, may show that the taking was not by color of office, or, that the judgment was obtained by collusion, by which an act done by an officer in his private character, is made to appear as an official delinquency, or any other matter which exonerates the surety. *Harris* v. *Hanson*, 11 Maine, 247.

It would seem that, if it is shown that the judgment was recovered fairly for an official act or neglect, that it is binding on the sureties in a suit against them. But, how can this be made to appear? We have seen that the original action against the sheriff need not be instituted against him in his official capacity; that it would be anomalous, if not absurd, to require the plaintiff to set out matter as to official action, which could not be properly denied or traversed in that suit; that any action of tort by which the proper damages could be assessed is sufficient.

It is true, that, in the case at bar, all that the judgment against the sheriff establishes is, that Gilmore took sundry goods of plaintiff and converted them to his own use. On its face it does not show that in doing this he acted under color of office, or that he has been guilty of any official ne-

glect or wrong. It does fix the damages, in case the defendants are liable in this suit.

Unless the plaintiff can show *aliunde* the facts which establish official action, he can have no remedy on a bond given for the express purpose of securing individuals against the official misconduct of the sheriff. The Court, in the case of *Lowell* v. *Parker*, before referred to, had this exact case before them, and decided that such evidence *aliunde* is to be received. If from that evidence it appears that the act complained of in the first suit was official, and that the judgment was in fact for such act, it would be sufficient to show an official misfeasance, which is a breach of the bond, and establishes the plaintiff's right to judgment for such breach. We concur in this view, and see no objection to the introduction of the evidence in this case. It is the constant and well established practice to admit parol evidence to identify property, named in a deed, or contract, or judgment. If the fact does not appear of record, parol evidence is admissible to show that a judgment was rendered on a particular note. *Cave* v. *Barns*, 6 Al., 780. A note named in a schedule may be identified by parol. 4 Met., 80. Parol evidence may be admitted to prove the identity of a record, where the venue has been changed. *State* v. *Mathews*, 9 Port., 37.

In this case the returns of the defendant Gilmore show, as the case states, that he attached the same goods named in the action of trover. The parol testimony of identity was hardly necessary, but we see no objection to its introduction for that single purpose.

The facts found by the Judge are to be taken to be true by us. The only question for us is, whether he admitted improper testimony to establish them. We think, on principle and on authority, that it was competent for the plaintiff to show, by the record and by other proof, that the wrong for which the action of trover was instituted was done under color of office. The defendants offer no proof to the contrary, or which is calculated to raise a doubt as to the fact.

There was considerable discussion at the bar, whether an action of trover was a suitable remedy against an officer, who takes the goods of one man on a writ against another, and whether, if it could be sustained against the officer alone, it was sufficient to charge the sureties.

We can see no reason why the damages may not be as well determined in an action of trover as in an action of trespass. In neither form of action would the official character of the act complained of appear, if the count was a simple one. A judgment in trespass would establish only what a judgment in trover would — a simple wrongful taking — without establishing the official character of the act. In either case this must be established by proof *aliunde*.

It was settled in *Libbey* v. *Soule*, 13 Maine, 310, that trespass or trover, at the election of the party injured, may be maintained against an officer who takes the property of A on a writ against B. The decision in *Bailey* v. *Butter-field*, 14 Maine, 112, does not contravene this. That case only decides that the action against a sheriff for official misconduct must sound in tort, and not be founded on a contract, in order to charge his sureties on his bond. The sureties do not agree to be answerable for contracts. The expression of C. J. Shaw, in *Davlin* v. *Stone*, 4 Cush., "that trespass is the proper form of action at common law for such taking, but that now, by force of the statute, trover will equally well lie," if construed as meaning that trover would in no such case lie at common law, cannot be supported. Bacon's Abr., Trover, D ; *Pierce* v. *Benjamin*, 14 Pick., 356 ; *Sanborn* v. *Hamilton*, 18 Vert., 590 ; *Thompson* v. *Currier*, 4 Foster, (N. H.,) 237.

The view we have taken does not require us to give a construction of the statute abolishing the distinction between actions of trespass and case. We are satisfied that, without that statute, trover was a proper action in a case like this.

We are strengthened in the view we have taken of the whole case, by the cases of *Archer* v. *Noble*, 3 Maine, 418, and *Harris* v. *Hanson*, 11 Maine, 241. It is evident from these cases, and others which may arise, that it would be im-

possible, in many instances to have the official nature of the act set forth in the record of the primary suit. The case last named was replevin, in which the form is given by statute; the sheriff defended, but he might have been defaulted. Judgment was rendered against him for damages and a large amount of costs; this judgment he refused to pay. It was held that his sureties were liable on his bond, although the issue tried on the first suit was upon the title of the plaintiff only.

We are satisfied, on the whole case, that there was no error in the rulings or decision of the Judge.

*Exceptions overruled.*—*Judgment for the plaintiff, as given by the presiding Judge.*

TENNEY, C. J., APPLETON, CUTTING and DAVIS, JJ. concurred.